IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARVIN L. BROWN, #037-827-160         :

   Petitioner                                        :

      v.                                              :   Civil Action No. WDQ-09-1813
                                                         Criminal Action No. WDQ-05-0364

UNITED STATES OF AMERICA              :

   Respondent

o0o

MEMORANDUM OPINION

Pending is a pro se 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence filed by Marvin L. Brown, an inmate at the Clinton County Correctional Facility, McElhattan, Pennsylvania The Court will dismiss the petition because it was filed too late.

Procedural Background

On January 6, 2006, the Court sentenced Brown to 41 months incarceration and two years of supervised release after he pleaded guilty to illegal reentry of a removed alien after conviction for an aggravated felony. Brown did not appeal.

Brown filed this petition on July 7, 2009.[1] Paper No. 16, WDQ-05-364. On July 21, 2009, the court granted Brown 30 days to show why the motion was timely. *See Hill v. Braxton*, 277 F. 3d 701, 707 (4th Cir. 2002) (federal habeas court required to notify pro se petitioner that petition is subject to dismissal as time-barred). Paper No. 17, Criminal No. WDQ-05-364. Brown filed a timely response. Paper No. 18, Criminal No. WDQ-05-364.

---

[1] The §2255 motion was received by the Clerk on July 10, 2009. The petition is deemed filed on July 7, 2009, the date it was signed. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F.Supp. 917, 919-920 (D.Md. 1998) (applying mail-box rule to petition filed pursuant to 28 U.S.C. §2255).

## Statute of Limitations

Petitions filed under 28 U.S.C. §2255 must be filed within one year after the judgment of conviction became final.[2]  *See* 28 U.S.C. § 2255(1).  Brown's one-year period of limitations began to run on January 6, 2006, and expired one year later on January 6, 2007.  *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (where no appeal taken, statute of limitations begins to run on date the court entered the judgment of conviction).  When Brown filed his petition on July 7, 2009,  it was more than two years late.

## Equitable Tolling

The one-year limitation period  may be forgiven if a petitioner shows "1) extraordinary circumstances,  2) beyond his control or external to his own conduct,  3) … prevented him from filing on time." *United States v. Sosa*, 364 F. 3d 507, 512 (4th Cir. 2004) (citing *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*)).  A petitioner must show 1) some wrongful conduct by a respondent contributed to the delay in filing; or 2) circumstances beyond his control caused the delay. *See Rouse,* 339 F. 3d at 246.  "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2006).  Generally, the petitioner must show that he has been diligently pursuing his rights and some extraordinary

---

[2]Section 28 U.S.C. §2255 states:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

circumstance prevented him from filing a timely petition. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Rouse,* 339 F.3d at 246.

## Discussion

Brown says that 1) he did not have materials about his deportation until August 18, 2008, when he was transferred to the custody of the Department of Homeland Security; and 2) his counsel rendered ineffective assistance when he failed to argue that Brown's due process rights were violated during his 1992 deportation proceedings.[3]

Brown has not shown that his lack of documents about his 1992 deportation proceeding, constitutes extraordinary circumstances. Brown has not suggested that officials in any way prevented him from seeking federal relief. To the contrary, Brown states that he knew in 1992 that his 1992 deportation proceedings were faulty. He claims his poverty, and lack of legal knowledge prevented his access to the documents concerning those deportation proceedings. Brown received the documents about his 1992 deportation proceedings in August 2008, but did not file this petition until July 7, 2009, 11 months later; he did not act diligently in pursuing his rights. *See Pace v. DiGuglelmo,* 544 U.S.408, 418 (2005).

Brown's unfamiliarity with the law may not be used to justify equitable tolling. *See Sosa*, 364 F.3d at 512. For these reasons, his late filing will not be excused.

Brown claims his lawyer provided ineffective assistance when he failed to secure the documents concerning his 1992 deportation.[4] Even if the Court assumed that counsel's actions were improper, that impropriety would not justify equitable tolling. *See Rouse*, 339 F. 3d at 248-49; *see also* Harris, 208 F.3d at 331 (attorney error interpreting a statute of limitations is not an

---

[3] Brown does not claim that his guilty plea was unknowing or involuntary.

[4] This claim addresses the merits of the petition for collateral relief. The Court recognizes Brown is proceeding pro se and has accorded his pleadings liberal interpretation. This argument fails to excuse Brown's late filing.

extraordinary circumstance beyond the petitioner's control for equitable tolling). Further, the facts alleged do not suggest that counsel hindered the timely filing of this petition. The conduct of Brown's lawyer does not excuse the late filing of this petition.

The limitations period did not begin to run on August 18, 2008, when Brown received documentation about his 1992 deportation. Under 28 U.S.C. §2255(4), a petitioner may file for relief within one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(4).[5] In this case, no new fact was discovered after the one-year period, nor was any new evidence or law found that could not have been discovered within the limitations period. Brown has presented no reason why he could not have earlier verified the information concerning his 1992 deportation. Further, Brown's limited efforts to secure these documents[6] show he did not act diligently. Under these facts, §2255(4) provides no basis for extending the date the statute of limitations commenced.

## Conclusion

For the reasons stated above, the Court will not extend the one-year period of limitations. The Court will dismiss the petition as untimely by separate order.

December 1, 2009              _____/s/_____
Date                           William D. Quarles, Jr.
                               United States District Judge

---

[5] Section 2254(4) extends the length of filing time by excluding certain periods from the calculation of how much time has run. "[I]t resets the limitations period's beginning date, moving it from the time when the conviction became final... to the later date on which the claim accrued." *Wims v. United States,* 225 F.3d 186, 190 (2d Cir. 2000)

[6] Brown indicates that he used "informal" means to secure documents. At no time did Brown request the documents under the Freedom of Information Act or by way of a petition for mandamus.